# Exhibit A



Exhibit A

AL LEGIS 1SS 2010-765                                                                                                                    Page 1
2010 Alabama Laws 1st Sp. Sess. Act 2010-765 (H.B. 9)
**(Publication page references are not available for this document.)**

**ALABAMA 2010 SESSION LAW SERVICE**
**2010 FIRST SPECIAL SESSION**

Additions and deletions are identified in House Bills.

Act 2010-765
H.B. No. 9
ELECTIONS--FAIR CAMPAIGN PRACTICES ACT--CONTRIBUTION REGULATIONS

By: Representatives McCutcheon, Long, Sanderford, Weaver, McMillan, McClendon, Galliher, Hubbard (M), Canfield, Boman, Collins, Wren, Greer, Boothe, Lee, Williams (D), Henry, Farley, Moore (B), Hill, Clouse, Chesteen, Beckman, Ison, Johnson (W), Barton, Wood, Johnson (K), Hammon, Gaston, Wallace, Vance, Ball, Fincher, Buttram, Williams (P), Rich, Shiver, Nordgren, Faust, McClurkin, Williams (J), Treadaway, Baughn, Roberts, Drake, Davis, Patterson, Brown, Tuggle, Baker and Love

 Enrolled, An Act, To amend Sections 17-5-7 and 17-5-15, Code of Alabama 1975, to prohibit campaign contributions, expenditures, and other transfers of funds between political action committees; and to limit certain political party expenditures to $5,000 per election cycle; and in connection therewith would have as its purpose or effect the requirement of a new or increased expenditure of local funds within the meaning of Amendment 621 of the Constitution of Alabama of 1901, now appearing as Section 111.05 of the Official Recompilation of the Constitution of Alabama of 1901, as amended.

BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

Section 1. This act shall be known and may be cited as the Congressman Mike Rogers/Jeff McLaughlin Campaign Finance Transparency Act.

 Section 2. Sections 17-5-7 and 17-5-15 of the Code of Alabama 1975, are amended to read as follows:

<< AL ST § 17-5-7 >>

"§ 17-5-7.

 "(a) A candidate, public official, or principal campaign committee as defined in this chapter, may only use campaign contributions, and any proceeds from investing the contributions that are in excess of any amount necessary to defray expenditures of the candidate, public official, or principal campaign committee, for the following purposes:

 "(1) Necessary and ordinary expenditures of the campaign.

 "(2) Expenditures that are reasonably related to performing the duties of the office held. For purposes of this section, expenditures that are reasonably related to performing the duties of the office held do not include personal and legislative living expenses, as defined in this chapter.

 "(3) Donations to the State General Fund, the Education Trust Fund, or equivalent county or municipal funds. Donations to an organization to which a federal income tax deduction is permitted under subparagraph (A) of paragraph

Copr. © West 2008 No Claim to Orig. Govt. Works

2010 Alabama Laws 1st Sp. Sess. Act 2010-765 (H.B. 9)
**(Publication page references are not available for this document.)**

(1) of subsection (b) of Section 170 of the Internal Revenue Code of 1986, as amended, or any other charitable, educational, or eleemosynary cause of Section 501 of Title 26 of the U. S. Code.

"(4) Transfers to another political committee as defined in this chapter.

"**(4)** (5) Inaugural or transitional expenses.

"(b) Notwithstanding any other provision of law, including, but not limited to, Section 13A-10-61, a candidate, public official, or principal campaign committee may only accept, solicit, or receive contributions:

"(1) To influence the outcome of an election.

"(2) For a period of 12 months before an election in which the person intends to be a candidate. Provided, however, candidates for state office and their principal campaign committees may not accept, solicit, or receive contributions during the period when the Legislature is convened in session. For purposes of this section, the Legislature is convened in session at any time from the opening day of the special or regular session and continued through the day of adjournment sine die for that session. However, this subdivision shall not apply within 120 days of any primary, runoff, or general election, and shall not apply to the candidates or their principal campaign committees participating in any special election as called by the Governor. This subdivision shall not apply to a loan from a candidate to his or her own principal campaign committee.

"(3) For a period of 120 days after the election in which the person was a candidate, but only to the extent of any campaign debt of the candidate or principal campaign committee of the candidate as indicated on the campaign financial disclosure form or to the extent of reaching the threshold that is required for qualification as a candidate for the office which he or she currently holds, or both.

"(4) For the purpose of paying all expenses associated with an election challenge including, but not limited to, quo warranto challenges.

"(c) Notwithstanding any other provision of law, including, but not limited to, Section 13A-10-61, a candidate, public official, or principal campaign committee shall not accept, solicit, or receive contributions for any of the following reasons:

"(1) As a bribe, as defined by Sections 13A-10-60 to 13A-10-63, inclusive.

"(2) For the intention of corruptly influencing the official actions of the public official or candidate for public office.

"**(d) Notwithstanding any other provision of law, a principal campaign committee, during a term of office commencing on the day after the election for the seat or office the candidate seeks and ending on the day of the next general election for that seat or office, may pay qualifying fees to a political party and may expend up to a cumulative total of five thousand dollars ($5,000) of campaign contributions, and any proceeds from investing the contributions, for the following purposes:**

"**(1) Tickets for political party dinners or functions.**

"**(2) State or local political party dues or similar expenses incurred by independent or write-in candidates.**

<< AL ST § 17-5-15 >>

Copr. © West 2008 No Claim to Orig. Govt. Works

2010 Alabama Laws 1st Sp. Sess. Act 2010-765 (H.B. 9)
**(Publication page references are not available for this document.)**

"§ 17-5-15.

"**(a)** It shall be unlawful for any person to make a contribution in the name of another person, or knowingly permit his or her name to be used to effect such a contribution made by one person in the name of another person, or for any candidate, principal campaign committee, or political action committee to knowingly accept a contribution made by one person in the name of another person; provided, however, that nothing in this chapter would prohibit any person from soliciting and receiving contributions from other persons for the purpose of making expenditures to a candidate, political campaign committee, political action committee, or elected state or local official required to file reports pursuant to Section 17-5-8.

"**(b) It shall be unlawful for any political action committee, 527 organization, or private foundation, including a principal campaign committee, to make a contribution, expenditure, or any other transfer of funds to any other political action committee, 527 organization, or private foundation. It shall be unlawful for any principal campaign committee to make a contribution, expenditure, or any other transfer of funds to any other principal campaign committee, except where the contribution, expenditure, or any other transfer of funds is made from a principal campaign committee to another principal campaign committee on behalf of the same person. Notwithstanding the foregoing, a political action committee that is not a principal campaign committee may make contributions, expenditures, or other transfers of funds to a principal campaign committee and a separate segregated fund established by a corporation under federal law if the fund does not receive any contributions from within this state other than contributions from its employees and directors is not restricted by this subsection in the amount it may transfer to a political action committee established under the provisions of Section 10A-21-1.01 by the same or an affiliated corporation.**"

Section 3. (a) A principal campaign committee of a state or local candidate may not receive or spend, in a campaign for state or local office, campaign funds in excess of one thousand dollars ($1,000) that were raised by a principal campaign committee of a federal candidate.

(b) Any receipt or expenditure of campaign funds in violation of subsection (a) shall be a Class C felony.

Section 4. Although this bill would have as its purpose or effect the requirement of a new or increased expenditure of local funds, the bill is excluded from further requirements and application under Amendment 621, now appearing as Section 111.05 of the Official Recompilation of the Constitution of Alabama of 1901, as amended, because the bill defines a new crime or amends the definition of an existing crime.

Section 5. This act shall become effective immediately following its passage and approval by the Governor, or its otherwise becoming law.

Approved December 20, 2010.

AL LEGIS 1SS 2010-765

END OF DOCUMENT