FILED

2011 Aug-01 PM 11:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

ACT No. 2010 - 765

| | |
|---|---|
| 1 | HB9 |
| 2 | 125046-2 |
| 3 | By Representatives McCutcheon, Long, Sanderford, Weaver, |
| 4 | McMillan, McClendon, Galliher, Hubbard (M), Canfield, Boman, |
| 5 | Collins, Wren, Greer, Boothe, Lee, Williams (D), Henry, |
| 6 | Farley, Moore (B), Hill, Clouse, Chesteen, Beckman, Ison, |
| 7 | Johnson (W), Barton, Wood, Johnson (K), Hammon, Gaston, |
| 8 | Wallace, Vance, Ball, Fincher, Buttram, Williams (P), Rich, |
| 9 | Shiver, Nordgren, Faust, McClurkin, Williams (J), Treadaway, |
| 10 | Baughn, Roberts, Drake, Davis, Patterson, Brown, Tuggle, Baker |
| 11 | and Love |
| 12 | RFD: Ethics |
| 13 | First Read: 08-DEC-10 |



RECEIVED
DEC 15 2010
GOVERNOR'S OFFICE

Ex. A, Ala. Act No. 2010-765

1

2    <u>ENROLLED</u>, An Act,

3            To amend Sections 17-5-7 and 17-5-15, Code of

4    Alabama 1975, to prohibit campaign contributions,

5    expenditures, and other transfers of funds between political

6    action committees; and to limit certain political party

7    expenditures to $5,000 per election cycle; and in connection

8    therewith would have as its purpose or effect the requirement

9    of a new or increased expenditure of local funds within the

10   meaning of Amendment 621 of the Constitution of Alabama of

11   1901, now appearing as Section 111.05 of the Official

12   Recompilation of the Constitution of Alabama of 1901, as

13   amended.

14   BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

15           Section 1. This act shall be known and may be cited

16   as the Congressman Mike Rogers/Jeff McLaughlin Campaign

17   Finance Transparency Act.

18           Section 2. Sections 17-5-7 and 17-5-15 of the Code

19   of Alabama 1975, are amended to read as follows:

20           "§17-5-7.

21           "(a) A candidate, public official, or principal

22   campaign committee as defined in this chapter, may only use

23   campaign contributions, and any proceeds from investing the

24   contributions that are in excess of any amount necessary to

Ex. A, Ala. Act No. 2010-765

1    defray expenditures of the candidate, public official, or

2    principal campaign committee, for the following purposes:

3          "(1) Necessary and ordinary expenditures of the

4    campaign.

5          "(2) Expenditures that are reasonably related to

6    performing the duties of the office held. For purposes of this

7    section, expenditures that are reasonably related to

8    performing the duties of the office held do not include

9    personal and legislative living expenses, as defined in this

10   chapter.

11         "(3) Donations to the State General Fund, the

12   Education Trust Fund, or equivalent county or municipal funds.

13   Donations to an organization to which a federal income tax

14   deduction is permitted under subparagraph (A) of paragraph (1)

15   of subsection (b) of Section 170 of the Internal Revenue Code

16   of 1986, as amended, or any other charitable, educational, or

17   eleemosynary cause of Section 501 of Title 26 of the U. S.

18   Code.

19         "~~(4) Transfers to another political committee as~~

20   ~~defined in this chapter.~~

21         "_(4)_ ~~(5)~~ Inaugural or transitional expenses.

22         "(b) Notwithstanding any other provision of law,

23   including, but not limited to, Section 13A-10-61, a candidate,

24   public official, or principal campaign committee may only

25   accept, solicit, or receive contributions:

Ex. A, Ala. Act No. 2010-765

1    "(1) To influence the outcome of an election.

2    "(2) For a period of 12 months before an election in
3    which the person intends to be a candidate. Provided, however,
4    candidates for state office and their principal campaign
5    committees may not accept, solicit, or receive contributions
6    during the period when the Legislature is convened in session.
7    For purposes of this section, the Legislature is convened in
8    session at any time from the opening day of the special or
9    regular session and continued through the day of adjournment
10   sine die for that session. However, this subdivision shall not
11   apply within 120 days of any primary, runoff, or general
12   election, and shall not apply to the candidates or their
13   principal campaign committees participating in any special
14   election as called by the Governor. This subdivision shall not
15   apply to a loan from a candidate to his or her own principal
16   campaign committee.

17   "(3) For a period of 120 days after the election in
18   which the person was a candidate, but only to the extent of
19   any campaign debt of the candidate or principal campaign
20   committee of the candidate as indicated on the campaign
21   financial disclosure form or to the extent of reaching the
22   threshold that is required for qualification as a candidate
23   for the office which he or she currently holds, or both.

Ex. A, Ala. Act No. 2010-765

1         "(4) For the purpose of paying all expenses

2 associated with an election challenge including, but not

3 limited to, quo warranto challenges.

4         "(c) Notwithstanding any other provision of law,

5 including, but not limited to, Section 13A-10-61, a candidate,

6 public official, or principal campaign committee shall not

7 accept, solicit, or receive contributions for any of the

8 following reasons:

9         "(1) As a bribe, as defined by Sections 13A-10-60 to

10 13A-10-63, inclusive.

11         "(2) For the intention of corruptly influencing the

12 official actions of the public official or candidate for

13 public office.

14         "(d) Notwithstanding any other provision of law, a

15 principal campaign committee, during a term of office

16 commencing on the day after the election for the seat or

17 office the candidate seeks and ending on the day of the next

18 general election for that seat or office, may pay qualifying

19 fees to a political party and may expend up to a cumulative

20 total of five thousand dollars ($5,000) of campaign

21 contributions, and any proceeds from investing the

22 contributions, for the following purposes:

23         "(1) Tickets for political party dinners or

24 functions.

Ex. A, Ala. Act No. 2010-765

1       "(2) State or local political party dues or similar

2   expenses incurred by independent or write-in candidates.

3       "§17-5-15.

4       "(a) It shall be unlawful for any person to make a

5   contribution in the name of another person, or knowingly

6   permit his or her name to be used to effect such a

7   contribution made by one person in the name of another person,

8   or for any candidate, principal campaign committee, or

9   political action committee to knowingly accept a contribution

10  made by one person in the name of another person; provided,

11  however, that nothing in this chapter would prohibit any

12  person from soliciting and receiving contributions from other

13  persons for the purpose of making expenditures to a candidate,

14  political campaign committee, political action committee, or

15  elected state or local official required to file reports

16  pursuant to Section 17-5-8.

17      "(b) It shall be unlawful for any political action

18  committee, 527 organization, or private foundation, including

19  a principal campaign committee, to make a contribution,

20  expenditure, or any other transfer of funds to any other

21  political action committee, 527 organization, or private

22  foundation. It shall be unlawful for any principal campaign

23  committee to make a contribution, expenditure, or any other

24  transfer of funds to any other principal campaign committee,

25  except where the contribution, expenditure, or any other

Ex. A, Ala. Act No. 2010-765

1    <u>transfer of funds is made from a principal campaign committee</u>

2    <u>to another principal campaign committee on behalf of the same</u>

3    <u>person. Notwithstanding the foregoing, a political action</u>

4    <u>committee that is not a principal campaign committee may make</u>

5    <u>contributions, expenditures, or other transfers of funds to a</u>

6    <u>principal campaign committee and a separate segregated fund</u>

7    <u>established by a corporation under federal law if the fund</u>

8    <u>does not receive any contributions from within this state</u>

9    <u>other than contributions from its employees and directors is</u>

10    <u>not restricted by this subsection in the amount it may</u>

11    <u>transfer to a political action committee established under the</u>

12    <u>provisions of Section 10A-21-1.01 by the same or an affiliated</u>

13    <u>corporation.</u>"

14    Section 3. (a) A principal campaign committee of a

15    state or local candidate may not receive or spend, in a

16    campaign for state or local office, campaign funds in excess

17    of one thousand dollars ($1,000) that were raised by a

18    principal campaign committee of a federal candidate.

19    (b) Any receipt or expenditure of campaign funds in

20    violation of subsection (a) shall be a Class C felony.

21    Section 4. Although this bill would have as its

22    purpose or effect the requirement of a new or increased

23    expenditure of local funds, the bill is excluded from further

24    requirements and application under Amendment 621, now

25    appearing as Section 111.05 of the Official Recompilation of

Ex. A, Ala. Act No. 2010-765

1     the Constitution of Alabama of 1901, as amended, because the

2     bill defines a new crime or amends the definition of an

3     existing crime.

4             Section 5. This act shall become effective

5     immediately following its passage and approval by the

6     Governor, or its otherwise becoming law.

1

2

3

4            Speaker of the House of Representatives

5

6       President and Presiding Officer of the Senate

7                 House of Representatives
8           I hereby certify that the within Act originated in
9 and was passed by the House 10-DEC-10, as amended.
10
11                    Greg Pappas
12                    Clerk
13

| | | | |
|---|---|---|---|
| 14 | | | |
| 15 | Senate | 14-DEC-10 | Amended and Passed |
| 16 | House | 15-DEC-10 | Passed, as amended by Conference Committee Report |
| 17 | Senate | 15-DEC-10 | Passed, as amended by Conference Committee Report |

APPROVED December 20, 2010

TIME 11:00 a.m.

GOVERNOR

Page 8

Alabama Secretary Of State

Act Num....: 2010-765
Bill Num...: H-9

Recv'd 12/20/10   02:40pmJJB
Ex. A, Ala. Act No. 2010-765