IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF ALABAMA,
NORTHEASTERN DIVISION

| | |
|---|---|
| THE ALABAMA DEMOCRATIC CONFERENCE, an Alabama political action committee, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LUTHER STRANGE in his official capacity as the Attorney General of Alabama; et al., <br><br> Defendants. | CIVIL ACTION NO. 5:11-cv-02449-JEO |

## ADC's Memorandum on Its Proposed Remedy

The Court's Order of 15 November 2011 (Doc. 18) invited supplemental briefing on "the constitutionality of the statute as it applies to the Alabama Democratic Conference's proposed segregated funding system." The Plaintiffs present this memorandum in response.

The Plaintiffs have brought an as-applied challenge to Ala. Code § 17-5-15(b), as amended by Act 2010-765. They do not challenge the application of Ala. Code § 17-5-15(b) to funds that will eventually go to candidates, but focus their challenge solely on restrictions on funds that will be used for independent expenditures, voter communications, voter registration drives, and get-out-the-vote drives (hereafter

1

"independent expenditures"). See *Emily's List v. Federal Election Com'n,* 581 F.3d 1, 6-7 (DC Cir 2009).

The Supreme Court has made clear that "preventing corruption or the appearance of corruption are the only legitimate and compelling government interests thus far identified for restricting campaign finances," *Federal Election Com'n v. National Conservative Political Action Committee,* 470 U.S. 480, 496-97 (1985), and that "independent expenditures ... do not give rise to corruption or the appearance of corruption," *Citizens United,* 130 S.Ct. 876, 908, 909 (2010). The law accordingly is crystal clear that while the State has the power to impose reasonable regulations on funds given to candidates, the State has no authority to regulate independent expenditures such as the voter communication and get-out-the-vote activities that form the core of ADC election activity.

The interests of the State and the command of the constitution easily can be reconciled. The U.S. District Court for the District of Columbia has held that a single organization can receive funds for the two separate purposes – donations to candidates and independent expenditures -- so long as it keeps those funds in separate bank accounts. *Carey v. Federal Election Com'n,* --- F.Supp.2d ----, 2011 WL 2322964 (D.D.C. 2011) (preliminary injunction). Accordingly, in an effort to accommodate fully the State's legitimate interest in preventing possible corruption while continuing to exercise its First Amendment rights of speech and association, the ADC has already set up two

bookkeeping accounts to keep the two types of funds (contributions that will go to candidates and those that will be spent on independent expenditures), preparatory to turning those bookkeeping accounts into separate bank accounts in the event that the Court grants the requested relief.

Under the proposed *Carey*-style use of two bank accounts by the ADC, the State's PAC-to-PAC transfer ban could continue to apply to the candidate-targeted bank account, and the State's interest in preventing corruption or the appearance of corruption would be vindicated in full; while the independent-expenditure bank account could operate without restriction as to the source of the funds or the eventual recipient, as long as no recipient was not a candidate, so as to protect in full the first Amendment speech and association rights of the ADC.

The Plaintiffs propose the following remedy as set forth in the Proposed Order, which is based on the consent decree in the *Carey* case.[1]

## PROPOSED ORDER

In consideration of the Plaintiffs' Motion for Partial Summary Judgment and supporting points and authorities, it is hereby ORDERED, ADJUDGED, and DECREED that

---

[1] See Doc. 17-1.

1. Ala. Code § 17-5-15(b), as amended by Act 2010-765, is hereby declared unconstitutional as applied to contributions the Alabama Democratic Conference (ADC) receives to make independent expenditures (including but not limited to voter registration drives, get-out-the vote drives, and advertisements including handbills, brochures, and advertisements in the mass media).

2. The Defendants, LUTHER STRANGE in his official capacity as the Attorney General of Alabama; ROBERT L. BROUSSARD, in his official capacity as District Attorney for the 23rd Judicial Circuit; BRYCE U. GRAHAM, JR., in his official capacity as District Attorney for the 31st Judicial Circuit, their agents, servants, successors, and those acting in concert with them shall not enforce Ala. Code § 17-5-15(b) against Plaintiffs with regard to contributions the ADC receives to make independent expenditures, as long as ADC maintains separate bank accounts (1) to receive such contributions for the purpose of making independent expenditures, and (2) to receive source- and amount-limited contributions for the purpose of making candidate contributions, and as long as each account pays a percentage of its administrative expenses that closely corresponds to the percentage of activity for that account, and complies with the applicable limits for the source- and amount-limited contributions it receives for the purpose of making candidate contributions.

Submitted by,

/s/ Edward Still

| | |
|---|---|
| Osaygefo Grubbs<br>Joe M. Reed & Associates, LLC<br>524 S. Union Street<br>Montgomery, AL 36104<br>Phone: 334-834-2000<br>Fax: 334-834-2088<br>email: ogrubbs@bellsouth.net | Edward Still<br>PMB 304<br>130 Wildwood Pkwy STE 108<br>Birmingham AL 35209<br>Phone & fax: 205-320-2882<br>email: still@votelaw.com |

John K. Tanner
3743 Military Rd, NW
Washington DC 20015
Phone: 202-503-7696
Email:
john.k.tanner@gmail.com

CERTIFICATE OF SERVICE

I certify that on 18 November 2011 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

James W. Davis
Winfield J. Sinclair
William Parker Jr.
Attorney General's Office
PO Box 300152
Montgomery, AL 36130-0152
jimdavis@ago.state.al.us
wparker@ago.state.al.us
wsinclair@ago.state.al.us


/s/ Edward Still