FILED
2011 Nov-22 PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| THE ALABAMA DEMOCRATIC CONFERENCE, an Alabama political action committee, *et al.*, <br><br>*Plaintiffs,* <br><br>v. <br><br>LUTHER STRANGE, in his official capacity as Attorney General of Alabama, *et al.*, <br><br>*Defendants*. | Civil Action No. <br> 5:11-cv-02449-JEO |

## SUPPLEMENTAL BRIEF IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

In response to the Court's questions and comments at oral argument yesterday, the State Defendants offer the following observations:

1. The State rejects the notion that there are distinct "mid-level" standards of scrutiny for campaign finance regulations. In its most recent decision in this area, the United States Supreme Court portrayed the level-of-scrutiny question as a binary choice: Laws that impose a severe burden on political speech are subject to strict scrutiny, while laws that the Court has found "less onerous" are subjected to a "lower level of scrutiny and upheld." *See Arizona Free Enterprise Club's Freedom Club PAC v. Bennett*, 131 S. Ct. 2806, 2817 (2011). Examples of measures subjected to this lower-level scrutiny included "government-imposed

limits on contributions to candidates," "caps on coordinated party expenditures," *and* "requirements that political funding sources disclose their identities." *Id.* So, although the Court has articulated the lower-level scrutiny in various ways, it should now be clear that the Court was in substance applying only one standard. If strict scrutiny does not apply, that standard—however it is described—should be applied to uphold Alabama's PAC transfer ban.

        2.      Even if different articulations of "mid-level" scrutiny are seen as distinct standards, undersigned counsel is aware of no case in which the difference between them has ever been meaningful. And, more importantly, there is no reason the State's transparency interest cannot justify the PAC transfer ban under either standard. Under either standard as framed by the plaintiffs, *see* Doc. 10 at 16, the governmental interest need only be "sufficiently important." The State's interest in transparency clearly fits that description in light of the Supreme Court's longstanding and nearly unanimous holdings to that effect. *See Citizens United v. FEC*, 130 S. Ct. 876, 914 (2010) (recognizing an important governmental interest in "'provid[ing] the electorate with information' about the sources of election-related spending," (quoting *Buckley v. Valeo*, 424 U.S. 1, 66 (1976) (per curiam))).

\*   \*   \*

The plaintiffs have identified no fact that they could prove that would allow them to prevail on any of their claims. For the reasons stated here, in previous briefing, and at oral argument, the complaint is due to be dismissed as to all counts.

Respectfully submitted,

LUTHER STRANGE (ASB-0036-G42L)
*Attorney General*

s/William G. Parker, Jr.
Winfield J. Sinclair (ASB-1750-S81W)
James W. Davis (ASB-4063-I58J)
William G. Parker, Jr. (ASB-5142-I72P)
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
(334) 242-7300
(334) 353-8440 (fax)
wsinclair@ago.state.al.us
jimdavis@ago.state.al.us
wparker@ago.state.al.us

**Attorneys for Attorney General Strange, District Attorney Broussard, and District Attorney Graham**

**CERTIFICATE OF SERVICE**

I certify that on November 22, 2011, I electronically filed the foregoing document using the Court's CM/ECF system which will send notification of such filing to the following persons:

Edward Still
130 Wildwood Parkway
Suite 108 - PMP 304
Birmingham, AL 35209
(205) 320-2882
still@votelaw.com

John K. Tanner
JOHN TANNER LAW OFFICE
3743 Military Road NW
Washington, DC 20015
(202) 503-7696
john.k.tanner@gmail.com

Norman O Grubbs
JOE M. REED & ASSOCIATES LLC
524 South Court Street
Montgomery, AL 36104
(334) 834-2000
ogrubbs@bellsouth.net

s/William G. Parker, Jr.
Winfield J. Sinclair (ASB-1750-S81W)
James W. Davis (ASB-4063-I58J)
William G. Parker, Jr. (ASB-5142-I72P)
*Assistant Attorneys General*
